UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                            Plaintiff,

         v.

$7,679.00 UNITED STATES CURRENCY,

                            Defendant.

**REPORT AND
RECOMMENDATION**

13-CV-727A

---

UNITED STATES OF AMERICA,

                            Plaintiff,

         v.

$15,104.00 UNITED STATES CURRENCY
  and ONE BLUE 2011 FORD F150 XLT,
  VIN: 1FTEX1CM5BFB76077,

                            Defendants.

**REPORT AND
RECOMMENDATION**

13-CV-1057A

---

## I.  INTRODUCTION

The Hon. Richard J. Arcara has referred both Case No. 13-CV-727 (the
"First Case") and Case No. 13-CV-1057 (the "Second Case") to this Court under
28 U.S.C. § 636(b).  Pending before the Court is a motion by *pro se* claimant
Andrew Fitch ("Fitch") to dismiss each case and to order the Government to
return the defendant assets to him.  (First Case Dkt. No 35, Second Case Dkt.

No. 32.)[1]  Fitch seeks dismissal "in the interest of due process," a phrase that he does not define concisely but that he appears to associate with two themes running through his papers.  One theme is that, while he entered a guilty plea in local court for misdemeanor drug charges and two traffic violations, the Government never pursued a federal criminal prosecution against him.  Fitch contends that the Government cannot continue to hold the defendant assets from him if it does not have enough evidence to prosecute him.  Fitch's second theme is that he has complied with all of the Government's discovery demands so far and that there appears to be no reason to delay the return of his property any further.  The Government responds that it has pled sufficiently that the defendant assets have ties to drug trafficking.  The Government rejects Fitch's argument about criminal prosecution, arguing that civil forfeitures like the ones here can proceed without a corresponding criminal case.

The Court scheduled oral argument for October 8, 2015, but Fitch did not attend.  Fitch's absence is simply noted for the record; the absence had no effect on the Court's analysis of the motion.  The Court instead has deemed Fitch's motion submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP").  For the reasons below, the Court respectfully recommends denying Fitch's motion.

---

[1] Although Fitch has filed one motion to dismiss in each case, the motion papers in each case are identical.  Accordingly, the Court will refer to Fitch's twin motions as a collective singular motion.

## II. BACKGROUND

Both cases trace back to Fitch's arrest in Lockport, New York on February 23, 2013.  That day, Fitch was the sole driver of a blue 2011 Ford F150 pickup truck, the defendant vehicle in the Second Case.  Lockport Police Department officers pulled Fitch over when they allegedly observed him drive through a stop sign and turn without signaling.  Officers noted an odor of marijuana coming from Fitch and the vehicle during the ensuing interview.  The encounter ended with Fitch's arrest and a search of both Fitch and the vehicle.  Officers found a total of $7,679.48 on Fitch's person, including $7,000 hidden inside the front of his pants.  As for the vehicle, the search incident to arrest yielded a small amount of marijuana.  A second search following a federal seizure warrant yielded $15,104 of currency, 4.43 ounces of marijuana, three cellular telephones, and two cellular telephone batteries.  Upon further investigation, federal agents acquired additional information suggesting that both sets of currency were proceeds from drug trafficking.  Specifically, agents learned that Fitch paid for the vehicle and paid off the mortgage on his house in cash.  Agents learned that Fitch had a prior arrest for marijuana trafficking in November 2010 in Illinois, though the outcome of that arrest is not clear from the record.  Agents learned also that Fitch's proffered explanations for the $7,000 lump sum were false.  At different times, Fitch apparently tried to tell agents that the sum came from a legal settlement for a shoulder injury or from a sale of a boat.  Fitch could not confirm what litigation

3

led to the settlement and could not provide an authentic bill of sale for any boat.

Police charged Fitch with misdemeanor criminal possession of marijuana and two traffic violations.  On July 17, 2013, Fitch took a guilty plea and was sentenced to a conditional discharge.

The Government filed verified complaints for the First Case on July 12, 2013 and the Second Case on October 18, 2013.  Fitch filed a verified claim for the First Case on August 29, 2013 and for the Second Case on November 20, 2013.  After discovery proceedings that included interrogatories and a deposition of Fitch, Fitch filed a *pro se* document in each case titled a motion to dismiss.[2]  In the motion and in letters supplementing the motion, Fitch argues that the Government is violating his due-process rights by continuing to hold his assets without ever having charged him criminally.  The lack of federal criminal charges, according to Fitch, dovetails with his argument that the Government cannot "produce any sufficient evidence that proves any funds and/or truck purchased came from anything illegal despite [their] assumptions."  (First Case Dkt. No. 40 at 1, Second Case Dkt. No. 37 at 1.)  Fitch also appears to be making an argument about timing or staleness.  Working with the date of May 21, 2013—the date when agents executed a seizure warrant on the defendant vehicle—Fitch contends that "it is my [opinion that] the funds forfeited had to [have been] made

---

[2] For the sake of brevity, the Court will not address the time in each case when Fitch had retained counsel but counsel later withdrew.  The Court also will not address what appears to have been a contentious relationship between Fitch and counsel; the Court instead will assess Fitch's writings only as they pertain to the pleadings.

prior to said date." (First Case Dkt. No. 43 at 2, Second Case Dkt. No. 40 at 2; *see also* First Case Dkt. No. 42, Second Case Dkt. No. 39.)

The Government opposes Fitch's motion. The Government highlights the facts that led to Fitch's arrest and the inventory that agents took after seizing the defendant vehicle. To the extent that Fitch's due-process argument implicates the chronology of events in both cases, the Government responds that Fitch was responsible for any delays in the case, including a 60-day stay that he had requested last year. The Government also asserts that its decision not to bring criminal charges against Fitch has no bearing on a civil forfeiture action.

## III. DISCUSSION

As a preliminary matter, the Court needs to address a procedural issue that has arisen through the parties' papers. Fitch has called his motion a motion to dismiss, which usually implicates Rule 12(b). The Government has responded accordingly. Motions under Rule 12(b), however, "must be made before pleading if a responsive pleading is allowed." FRCP 12(b). Fitch filed a verified answer in the First Case on September 19, 2013 (Dkt. No. 9) and in the Second Case on November 20, 2013 (Dkt. No. 6). At least some discovery proceedings are confirmed in the docket, and discovery was to have ended by October 30, 2015 under the current scheduling order for each case. Since the Court needs to confirm that discovery is complete and since the deadline for summary-judgment motions has not yet run, the best way to approach Fitch's motion is to construe it

as a motion for judgment on the pleadings under Rule 12(c).  The Court thus will limit itself to matters contained within the pleadings.

"In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)."  *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (citation omitted); *accord Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (citations omitted).  The general standard under Rule 12(b)(6) is well known.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  Courts assess Rule 12(b)(6) motions  "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted).  "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally

6

cognizable theories of recovery." *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at \*3 (W.D.N.Y. May 9, 2011) (Arcara, *J.*) (internal quotation marks and citation omitted).

That the cases here are civil forfeiture cases adds one wrinkle to the standard for dismissal. "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). "The sufficiency of the complaint is governed by Rule G(2)." FRCP Supp. R. G(8)(b)(ii). "The complaint must: (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FRCP Supp. R. G(2). "However, the Government is not required to allege in the complaint all of the facts and evidence at its disposal. It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. The issue is one of pleading, not proof at trial." *U.S. v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 248 (S.D.N.Y. 2010) (citations omitted).

Here, the Government provided enough information in its verified complaints to survive scrutiny under Rule G.  Each complaint was verified and contained the language necessary to establish proper jurisdiction and venue. The two sets of currency seized and the defendant vehicle are described with particularity including the breakdown of denominations and the vehicle identification number.  The complaints identify the times, places, and seizure warrants that gave rise to the acquisition of the defendant assets.  Rule G does not appear to contain a timing limit or staleness component in the way that Fitch suggests.  Finally, the complaints identify the relevant statutes and do create a reasonable belief that the Government could prove at trial how the assets had connections to drug trafficking. The Court's reasonable belief comes from the Government's proffer that a good-faith traffic stop started the chain of events that led to a guilty plea and the defendant assets in the First Case, while a seizure warrant issued on probable cause led to the defendant assets in the Second Case.[3]  The chain of events includes the suspicious nature of the $7,000 sum found on Fitch's person and Fitch's discredited explanations for that sum.  *Cf.*

---

[3] The Court's reasonable belief does not rest on the Government's proffer about drug-sniffing dogs alerting to the currency.  (First Case Dkt. No. 1 at 4–5, Second Case Dkt. No. 1 at 4.)  The Court takes no position on that information at this time.  *See, e.g., U.S. v. Six Hundred Thirty-Nine Thousand Five Hundred & Fifty-Eight Dollars ($639,558) In U.S. Currency*, 955 F.2d 712, 714 n.2 (D.C. Cir. 1992) (commenting on the prevalence of currency tainted with drug residue); *U.S. v. $60,020.00 U.S. Currency*, 41 F. Supp. 3d 277, 288 (W.D.N.Y. 2011) (Feldman, *M.J.*) (reviewing cases and noting that "this Court is aware of differing views as to the evidentiary significance of a dog alert to United States currency").

*$22,173.00*, 716 F. Supp. 2d at 251 ("The combination of these allegations—a search warrant for the Target Premises, the recovery of a large amount of cash found at the premises and in close proximity to the drugs and drug paraphernalia, and the packaging of the cash in small denominations consistent with drug trafficking—are sufficient to support a reasonable belief that the Government will be able to meet its burden of proof at trial (*i.e.*, that the proceeds have a substantial connection to drug trafficking)."). The chain of events also includes, among other evidence, the drugs, money, and telephones found in the defendant vehicle. *Cf. U.S. v. $32,507.00 in U.S. Currency*, No. 14 CIV. 5118 CM, 2014 WL 4626005, at *2 (S.D.N.Y. Sept. 16, 2014) ("Thirty-two-thousand five-hundred seven dollars is a lot of money. In particular, it is a lot of money to transport in a car trunk. Carrying large sums of cash is not *per se* evidence of drug-related illegal activity, but it is suggestive of involvement in illegal activity more generally.") (internal quotation marks and citations omitted). So long as the Government can meet that civil burden of proof at trial, separate criminal charges against Fitch are not necessary. "Were this an *in personam* forfeiture, [Fitch's] argument might have some traction—an *in personam* forfeiture hinges on criminal conviction. But criminal conviction of a claimant either in state or federal court is neither a necessary nor sufficient precondition to an *in rem* forfeiture." *von Hofe v. U.S.*, 492 F.3d 175, 190 (2d Cir. 2007) (citation omitted); *U.S. v. One Parcel of Real Estate Located at 7715 Betsy Bruce Lane Summerfield, N.C.*, 906

9

F.2d 110, 111–12 (4th Cir. 1990) ("Unlike criminal forfeiture cases, conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property. In civil forfeiture cases, property is subject to forfeiture even if its owner is acquitted of—or never called to defend against—criminal charges.") (internal quotation marks and citations omitted).

Subject to further proceedings after the close of discovery, Fitch has preserved his affirmative defenses for trial, including defenses pertaining to probable cause.  For purposes of Rule 12, though, Fitch has not made enough of a showing to warrant outright dismissal of either case.

Upon ultimate resolution of Fitch's motion by Judge Arcara, the parties should prepare to confirm whether discovery has concluded, whether further scheduling will be necessary, or whether the cases are ready for trial.  The Court will decide later whether this confirmation will occur in court or in writing.

## IV. CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends denying Fitch's motion to dismiss in each case.  (First Case Dkt. No 35, Second Case Dkt. No. 32.)

## V.  OBJECTIONS

A copy of this Report and Recommendation will be sent, on the date below, to counsel for the Government by electronic filing on the date below; the Court will mail on the date below a hard copy of this Report and

Recommendation to Fitch, via first-class mail.  Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

      SO ORDERED.

                    /s/ Hugh B. Scott

                    HONORABLE HUGH B. SCOTT
                    UNITED STATES MAGISTRATE JUDGE

DATED: November 24, 2015