UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **Report and Recommendation** |
| | 13-CV-727A |
| v. | |
| $7,679.00 United States Currency, | |
| Defendant. | |

---

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **Report and Recommendation** |
| | 13-CV-1057A |
| v. | |
| $15,104.00 United States Currency and One Blue 2011 Ford F150 XLT, VIN: 1FTEX1CM5BFB76077, | |
| Defendants. | |

---

The Hon. Richard J. Arcara has referred both Case No. 13-CV-727 (the "First Case") and Case No. 13-CV-1057 (the "Second Case") to this Court under 28 U.S.C. § 636(b).  In each case, the Government has filed a complaint for civil forfeiture and has argued that the *in rem* defendants facilitated drug trafficking and are proceeds of drug trafficking.  To that end, the Government has submitted evidence across both cases including the arrest and guilty plea of *pro se* claimant Andrew Fitch ("Fitch") for marijuana possession; the large amounts of currency and their location in suspicious places; a small quantity of marijuana in the defendant vehicle at the time of its seizure,

confirmed by lab reports; the discovery of small amounts of marijuana and other psychoactive controlled substances in Fitch's apartment during execution of a 2013 local search warrant; and Fitch's alleged inability to document how he acquired the two sets of currency, whether by general income or specific legitimate transactions.

The cases currently are on the cusp of either final judgment or trial. On November 24, 2015, the Court recommended denying Fitch's motions to dismiss. (First Case Dkt. No. 44, Second Case Dkt. No. 41.) Judge Arcara adopted the recommendations on January 27, 2016. (First Case Dkt. No. 50, Second Case Dkt. No. 47.) On March 31, 2016, the Court recommended denying the Government's motions for summary judgment and sending the cases to trial. (First Case Dkt. No. 61, Second Case Dkt. No. 56.) Judge Arcara has held those recommendations, and the Government's objections, in abeyance until two newer forfeiture cases involving Fitch reach the same point. (First Case Dkt. No. 68, Second Case Dkt. No. 60.) In the newer forfeiture cases, the Court has recommended denying several motions to dismiss that Fitch filed. (Case No. 16-CV-245, Dkt. No. 33; Case No. 16-CV-318, Dkt. No. 23.) Along the way, the Court has weighed in on a number of arguments that Fitch has tried to make in his favor, including arguments pertaining to the absence of federal criminal charges against him; the possibility of tracing at least some of the defendant currency to legitimate sources of income; and more tangential arguments such as prior relationships with attorneys that soured.

Since the Court issued the Reports and Recommendations that are pending across all four cases, Fitch has filed a flurry of new motions in the First and Second Cases. The new motions rehash arguments that already were before the Court when the Reports and Recommendations

2

issued.  Here is a summary of the arguments that Fitch has repeated in his newest motions, which the Court has deemed submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP"):

*"Counter Motion for Judgment" (First Case Dkt. No. 62; Second Case Dkt. No. 57)*: In this motion, Fitch again complains about an attorney whom he had retained for unrelated matters in state court.  Fitch repeats that he never faced federal criminal charges for the drug activity alleged in these civil forfeiture cases.  Fitch makes references to legitimate sources of income.  The Court has reviewed Fitch's complaints about prior attorneys before.  (*See, e.g.*, First Case Dkt. No. 60 at 1, Second Case Dkt. No. 53 at 2.)  The Court has addressed the other arguments explicitly.  (*See* First Case Dkt. No. 44 at 9, Dkt. No. 61 at 22; Second Case Dkt. No. 41 at 9, Dkt. No. 56 at 22.)  For the sake of judicial economy, the Court recommends denying this motion as duplicative of motions or arguments already addressed in the pending Reports and Recommendations.

*"Motion for Judgment" (First Case Dkt. No. 64)*: In this motion, Fitch reiterates his belief that forfeiture in his cases would constitute an Eighth Amendment violation.  Fitch makes reference to the prevalence of trace amounts of drugs on United States currency.  Fitch also repeats his view that his evidence of legitimate income would lead any reasonable jury to find in his favor.  The Court already has recommended a jury trial in part to address any concerns about proportionality and the Eighth Amendment.  (*See* First Case Dkt. No. 61 at 18; Second Case Dkt. No. 56 at 18.)  The Court twice has deferred to Judge Arcara as to the use of a dog sniff to link the defendant currency to drug activity.  (*See* First Case Dkt. No. 44 at 8 n.3, Dkt. No. 61 at 23 n.4; Second Case Dkt. No. 41 at 8 n.3, Dkt. No. 56 at 23 n.4.)  Finally, the Court already has recommended that

questions of fact, credibility, and weight of the evidence should preclude summary judgment for either side.  (*See* First Case Dkt. No. 61 at 19–23; Second Case Dkt. No. 56 at 19–23.)  Again for the sake of judicial economy, the Court sees no reason to repeat its analysis of previously raised issues; Fitch simply will have to wait for final disposition of the Reports and Recommendations from Judge Arcara.  The Court thus recommends denying this motion as duplicative of motions or arguments already addressed in the pending Reports and Recommendations.

*Motion to Dismiss Forfeiture (First Case Dkt. No. 70; Second Case Dkt. No. 61)*: The gist of this motion is that Fitch once again complains that missteps by a prior attorney led to an illegal search and seizure in May 2013 and November 2015.  Fitch seeks dismissal of all four civil forfeiture cases on this basis.  The Court already has addressed why none of the four civil forfeiture cases should be dismissed.  Whatever relationship Fitch had with his attorneys for matters in state court in itself has no bearing on the issues here.  The Court accordingly recommends denying this motion.

*"Motion to Dismiss 1" (First Case Dkt. No. 71; Second Case Dkt. No. 62)*: On August 1, 2016, Fitch filed yet another motion to dismiss the First and Second Cases.  Fitch once more complains about his prior attorney and then asks for summary judgment in his favor.  Dismissal of the First and Second Cases already has been addressed and already is part of the record.  As noted above and explained in the Reports and Recommendations, this Court does not believe that summary judgment is appropriate for either side, but Judge Arcara will have the final say.  At this point, and without offering legal advice, Fitch might be better served contacting the Pro Se Assistance Program for help focusing on trial preparation, in the event that Judge Arcara adopts the pending Reports and Recommendations.  A copy of an informational flyer for the Pro Se Assistance

Program is attached to this Report and Recommendation. The Court recommends denying this motion as duplicative of analysis and recommendations already in the docket.

## CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends denying Fitch's pending motions to dismiss or for judgment in the above-captioned cases. (First Case Dkt. Nos. 62, 64, 70, 71; Second Case Dkt. Nos. 57, 61, 62.)

## OBJECTIONS

A copy of this Report and Recommendation will be sent, on the date below, to counsel for the Government by electronic filing on the date below; the Court will mail on the date below a hard copy of this Report and Recommendation to Fitch, via first-class mail. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); FRCP 72. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

                                                         /s/ Hugh B. Scott
                                                        HONORABLE HUGH B. SCOTT
                                                        UNITED STATES MAGISTRATE JUDGE

DATED: February 22, 2017