UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,   **DECISION AND ORDER**
                 13-CV-727-A

  v.

$7,679.00 UNITED STATES
CURRENCY,

          Defendant.

  This civil action is brought pursuant to 21 U.S.C. § 881(a)(6) to forfeit to the United States the defendant $7,679.00 as property that was allegedly involved in marijuana trafficking. An innocent-owner claim to the currency was filed by Andrew Fitch, who is appearing *pro se*.

  The action was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. Before the Court are three Reports and Recommendations. Dkt. Nos. 61, 74, and 83. The United States objects to the Magistrate Judge's recommended denial of its motion for summary judgment. Dkt. No. 61. Claimant Fitch objects to the Magistrate Judge's recommended denials of his cross motion for summary judgment, his motions to dismiss, and his motion to suppress. Dkt. Nos. 74, and 83, respectively.

  Pursuant to 28 U.S.C. §636(b)(1), the Court makes a *de novo*

determination of those portions of a report and recommendation to which specific objections have been made, and otherwise reviews for clear error. The Court assumes the parties' familiarity with the prior proceedings and the issues under review. The Court construes Fitch's *pro se* filings to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Upon *de novo* and clear error review, and after considering the submissions from the parties, the Court hereby adopts the Magistrate Judge's recommended findings and conclusions, Dkt. Nos. 61, 74, and 83, to resolve the pending motions.

The United States has objected, in part, that the Magistrate Judge failed to adequately consider a positive canine alert as part of the totality of the evidence that supports forfeiture of the defendant currency. While a positive canine alert is relevant as part of the totality of the evidence, *see, e.g.*, *United States v. $60,020.00 U.S. Currency*, 41 F. Supp. 3d 277, 289 (W.D.N.Y. 2011), Fitch has made a meager, but sufficient showing that factual disputes exist and that credibility determinations must be made to resolve his claim. Under these circumstances, summary judgment must be denied.

In any event, a positive canine alert, standing alone, is not sufficient to establish substantial connection to drug trafficking by a preponderance of the evidence. *See United States v. $7,877.61 U.S. Currency*, No. 09-CV-6306P, 2015 WL 5719811, at *8 (W.D.N.Y. Sept. 30, 2015) (denying summary judgment where evidence included positive canine alert, and observing that "courts throughout the

country differ as to the relative weight to be accorded a positive canine alert on currency.") (citations omitted).  The weight to be afforded a positive canine alert must be assessed in the context of all the evidence, and factual issues preclude summary judgment.

The Court has considered the parties' remaining arguments and concludes they merit no discussion.  A status conference is scheduled for October 17, 2018, at 12:30 p.m., to schedule further proceedings and to address the status of the related cases.     **IT IS SO ORDERED.**

           ___*Richard J. Arcara*_____
           HONORABLE RICHARD J. ARCARA
           UNITED STATES DISTRICT COURT

Dated:   September 28, 2018